# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATED OF AMERICA,**

    **Plaintiff,**

  **v.**                                                            **Case No. 14-CR-87**

**OMAR H. WESLEY,**

    **Defendant.**

## ORDER FOR PSYCHOLOGICAL EXAMINATION & COMPETENCY HEARING

Omar H. Wesley is charged in an indictment with bank robbery in violation of 18 U.S.C. § 2113(a). At the arraignment and plea hearing on April 17, 2014, both the government and the defendant's attorney agreed that there may be reasons to question the defendant's competency to proceed and that an evaluation would be of assistance. Based on the representation of counsel, the Court finds that there is reasonable cause to believe that the defendant presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Additionally, defense counsel filed a notice of intent to rely on a mental condition defense and requested evaluation pursuant to 18 U.S.C. § 4242(a). Accordingly, pursuant to 18 U.S.C. § 4241, § 4242(a), and § 4247(b) and (c),

    **IT IS HEREBY ORDERED** that:

    1.    A hearing will be held to determine the mental competency of the defendant pursuant to 18 U.S.C. § 4241 and § 4242(a).

2. In anticipation of the competency hearing, a psychological examination and evaluation of the defendant will be undertaken to determine whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, to assist properly in his defense, and whether the defendant was suffering from a mental disease at the time of the offense.

3. Upon completion of the examination and evaluation of the defendant, a psychiatric report is to be filed with the Court and distributed to the parties. Upon receipt of the report, the Clerk shall set this matter for a status conference to determine whether a contested evidentiary hearing will be required.

4. Any period of delay resulting from the examination and evaluation of the defendant shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A).

5. Pursuant to 18 U.S.C. § 4242(a) and § 4247(b), the defendant is hereby committed for a reasonable period, but not to exceed forty-five days, to the custody of the United States Attorney General for placement in a suitable facility.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge