# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATED OF AMERICA,**

      **Plaintiff,**

  v.                                                Case No. 14-CR-87

**OMAR H. WESLEY,**

      **Defendant.**

## ORDER FOR COMMITMENT

On April 8, 2014, a grand jury sitting in the Eastern District of Wisconsin returned an indictment charging the defendant, Omar H. Wesley, with bank robbery in violation of 18 U.S.C. § 2113(a). At the arraignment and plea hearing on April 17, 2014, both the government and the defendant's attorney agreed that there may be reasons to question the defendant's competency to proceed and that an evaluation would be of assistance. Thus, on April 22, 2014, the Court ordered a psychological examination and evaluation of the defendant be conducted. On May 31, 2014, Dr. Sheryl Dolezal, a psychologist appointed by the Court, issued a report in which she concluded to a reasonable degree of psychological certainty that the defendant was incompetent to proceed. Dr. Dolezal also concluded that the defendant would likely regain his competency with appropriate medication and treatment.

On June 18, 2014, the Court ordered Dr. Dolezal to re-examine the defendant and update her May 31, 2014 report. On July 11, 2014, Dr. Dolezal issued an updated report in which she continued to opine to a reasonable degree of psychological certainty that the defendant was incompetent to

proceed. However, Dr. Dolezal also concluded that the defendant would likely be restored to competency with appropriate medication and remediation. On July 18, 2014, the Court conducted a hearing on the issue. Counsel agreed with Dr. Dolezal's report and waived further hearing. Accordingly, based upon the foregoing and the report of Dr. Sheryl Dolezal, pursuant to 18 U.S.C. § 4241(d), the Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to proceed, meaning that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Based upon this finding,

**IT IS HEREBY ORDERED** that the defendant is hereby committed to the custody of the United States Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional period of time until - -
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.

**IT IS FURTHER ORDERED** that given the length of the defendant's pretrial incarceration, the defendant's transfer shall be completed expeditiously. A telephone status conference for counsel only will be held on **August 1, 2014 at 10:00 a.m.** to discuss the status of the defendant's transfer. The Court will initiate the call.

**IT IS FURTHER ORDERED** that given the defendant's previous stay at the Metropolitan Correctional Center ("MCC") Chicago, the Attorney General shall not place the defendant at MCC Chicago for treatment.

**FINALLY, IT IS FURTHER ORDERED** that when the director of the facility in which the defendant is hospitalized determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of Court for this district.

Dated at Milwaukee, Wisconsin this 18th day of July, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge